000 barrels of beer had been brewed, and very likely would, even upon more mature reflection, have entertained the same view, except for the two authorities subsequently cited as above stated.

I advise, therefore, that the judgment and order be reversed, with costs, and the complaint be dismissed, with costs. All concur.

---

## In re MARINE.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

WILLS ⬤➡566—CONSTRUCTION—LEGACY—BANK DEPOSITS.

　　Where testatrix indorsed and delivered to appellant, her subsequent executrix, a certificate of deposit solely for the purpose of having it collected by appellant as her agent, and appellant delivered it to another bank for collection, which bank, upon payment, after the testatrix's death, credited it to the testatrix, in trust for the appellant, the deposit remained to the account of the testatrix at her death, so that a legacy of $500, payable exclusively out of any funds testatrix might have on deposit, was payable to the executrix.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1238½, 1239; Dec. Dig. ⬤➡566.]

Appeal from Surrogate's Court, Kings County.

In the matter of the accounting of Eva Maud Marine, as executrix, etc., of Mary Cruikshank, deceased. From a decree of the Surrogate's Court (78 Misc. Rep. 707, 140 N. Y. Supp. 231), directing a payment to a legatee, the accountant, individually and as executrix, appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

William Drennan, of Brooklyn, for appellant.

George A. Larkin, of Olean, for respondent legatee, Charles Schambacher.

RICH, J. The executrix of Mary Cruikshank, deceased, appeals to this court from a decree of the Surrogate's Court of Kings County, directing payment to Charles Schambacher, the respondent, of the sum of $500 and interest under the provisions of the second subdivision of the will of said decedent, reading as follows:

"Second. I give and bequeath to Charles H. Schambacher, the sum of five hundred dollars payable exclusively out of any funds I may have on deposit in any bank in Friendship, New York."

The appellant, in an involuntary accounting, filed her account, showing a balance in the estate of $3,891.65, to which the respondent filed objections, in which he alleged that at the time of her death Mary Cruikshank had in a bank in Friendship, N. Y., $1,019.50, of which no mention was made in said account, and that his legacy had not been paid. He accordingly asked for an order directing an amendment of the account, by including therein said sum of $1,019.50 as a charge against the executrix, and directing the payment of his legacy. The facts were stipulated, and no evidence outside of the stipulation given.

---

On May 16, 1910, the decedent deposited in the First National Bank of Friendship, located in the village of Friendship, the sum of $1,000, taking from the bank a certificate of deposit payable to the order of herself on return of the certificate properly indorsed. The ownership and interest of the decedent in this deposit and certificate remained unchanged during her lifetime, unless, as the appellant contends, a change was effected by the following transactions: On October 7th said certificate of deposit, indorsed by the decedent by mark, was delivered by the appellant to the Williamsburg Savings Bank of Brooklyn, who, after indorsing the same, delivered it to another bank for collection. On the following day, October 8th, the testatrix died. On October 13th, following, the Savings Bank was advised by its indorsee, the collecting bank, that the certificate had been paid, and thereupon it opened an account on its books, in the name of "Mary Cruikshank, in trust for Eva Maud Marine."

It was contended that these facts establish an executed gift of the certificate, and deposit represented by it, to the appellant, and that at the time of her death the testatrix had no money or funds on deposit in any bank in Friendship, and payment of the legacy being expressly limited to such fund, which was disposed of by the testatrix prior to her death, the legacy adeemed. The $1,000 stood as a deposit and credit to the account of Mary Cruikshank on the books of the First National Bank of Friendship at the time of her death and thereafter, down to October 10th, when the certificate of deposit was paid and the account closed.

The surrogate found as facts that on October 8th, the day on which she died, the testatrix had on deposit in the Friendship bank the sum of $1,000, that said certificate of deposit was indorsed and delivered to the appellant solely for the purpose of having the same collected, that the deceased never parted with the title thereto, and that the appellant in collecting the same acted as the agent of the decedent. He accordingly decreed that the appellant executrix had fully accounted for all money and property of the estate of her testatrix which had come into her hands as such executrix, and had fully complied with the terms and provisions of said will, except that she had failed and neglected to pay said legacy to Schambacher, which payment was ordered to be made out of the funds remaining in her hands as executrix.

I think the stipulated facts are susceptible of the conclusions drawn by the learned surrogate, that the certificate was indorsed by the decedent to the Savings Bank, and received by the latter, with the mutual understanding that the instrument was put in its possession for the special purpose of collection and not for the purpose of transferring the same, within the rule declared in Bank of America v. Waydell, 187 N. Y. 115, 79 N. E. 857, although the bank indorsee in that case was the direct indorsee of a prior collecting agent, while in the case at bar the Savings Bank was the direct indorsee of the owner of the certificate. While the appellant delivered the instrument to the Savings Bank, she had no property therein. The most that can be claimed by appellant is that the decedent intended to create a trust in her favor,

to become operative only- when the fund represented by the certificate should be paid and come into the possession of the Savings Bank, which did not occur during her lifetime.

The appellant relies upon authorities holding that for the purposes of a gift the mere delivery of an instrument for the payment of money is effectual, even though such instrument is transferable by indorsement and not indorsed. This rule has no application to the question as to whether the deceased had money on deposit in the bank at Friendship at the time of her death, and in addition the stipulated facts do not establish an intent to give the certificate, by the decedent to the appellant. Such conclusion or presumption is repelled by the absence of proof of any delivery to the appellant with the intention on the part of the decedent to invest her with the present ownership of the certificate or fund represented by it. Although it is stipulated that such certificate was delivered by the appellant to the Savings Bank, there is no proof of any delivery to her, except such as arises from the delivery to the bank. The certificate does not bear her indorsement, and it is clear that her possession was merely for the purpose of delivery to the bank for the purposes of collection, as the agent of the deceased, and not as the owner. Whether the legacy is specific or demonstrative is immaterial; the testatrix at the time of her death was the owner of the uncollected and unpaid deposit in a bank in Friendship, N. Y., and the respondent's legacy is payable therefrom.

The decree of the Surrogate's Court of Kings County is affirmed, with costs. All concur.